**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10229 |
| Plaintiff-Appellee, | D.C. No.<br>4:14-cr-01809-JGZ-CRP-1 |
| v. | |
| MAGDALENE FAITH DIXON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 10, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

Magdalene Dixon was convicted, after a jury trial, of transportation of an illegal alien for profit, in violation of 8 U.S.C. § 1324(a)(1). She challenges the admission at trial of the videotaped deposition of a material witness, admitted on the ground that the declarant was unavailable because he was deported immediately following the deposition. Dixon argues that use of the prior recorded testimony pursuant to 8 U.S.C. § 1324(d) violates the Confrontation Clause of the Sixth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether the Confrontation Clause was violated. *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir. 2000).

Under 8 U.S.C. § 1324(d), "[n]otwithstanding any provision of the Federal Rules of Evidence, the videotaped . . . deposition of a witness to a violation of subsection (a) of this section who has been deported . . . may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence." Admission of the deposition comports with the Sixth Amendment's Confrontation Clause "where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). "A witness is considered unavailable for purposes of the Confrontation Clause if the prosecutorial authorities have made a good-faith effort

2

to obtain his presence at trial." *Forn v. Hornung*, 343 F.3d 990, 995 n.3 (9th Cir. 2003) (internal quotation marks omitted). The lengths to which a prosecutor must go to establish good faith is a question of reasonableness. *Ohio v. Roberts*, 448 U.S. 56, 74 (1980), *abrogated on other grounds by Crawford*, 541 U.S. 36.

The district court properly found the witness to be unavailable because the government made good faith, reasonable efforts to secure his attendance at trial, including sending two letters via the witness's counsel and offering to pay for the witness's expenses to appear. Dixon does not claim on appeal that she didn't have an opportunity to cross-examine the witness at the deposition. The district court did not err in admitting the videotaped deposition under 8 U.S.C. § 1324(d).

**AFFIRMED.**